Halpin v. The National Safe Deposit Co., 184 Ill. App. 13.

---

## Robert Halpin, Appellee, v. The National Safe Deposit Company, Appellant.

### Gen. No. 18,815.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed December 2, 1913. *Certiorari* denied by Supreme Court (making opinion final.)

### Statement of the Case.

Action by Robert Halpin against the National Safe Deposit Company to recover damages for personal injuries sustained by plaintiff while in the employ of defendant and in attempting to oil the bearing of a shaft of an overhead coal conveyor in the basement of defendant's buildings. From a judgment in favor of plaintiff for ten thousand dollars defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

FRANK M. COX and R. J. FELLINGHAM, for appellant; EDWARD E. BROWN, of counsel.

ASHCRAFT & ASHCRAFT, for appellee; E. M. ASHCRAFT, of counsel.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 685*—*when evidence sustains verdict for injuries resulting from revolving shaft containing an unprotected set screw.* In an action for personal injuries resulting from the clothes of plaintiff being caught by a set screw in a revolving shaft while plaintiff was attempting to oil the bearings, a verdict for plaintiff *held* sustained by the evidence.

2. MASTER AND SERVANT, § 193*—*duty to warn inexperienced servant of dangerous machinery.* Where an inexperienced person employed to oil machinery is put to work by his superior, failure to warn him of a set screw projecting from a safety collar which was covered by dust and could not be seen when the machinery was in motion, *held* to render the master liable for injuries resulting therefrom.

3. MASTER AND SERVANT, § 663*—*what may be considered in determining questions of assumed risk and contributory negligence.* In an action by a servant for injuries sustained by him while engaged in his duties in oiling machinery, the situation of the machinery, its unprotected condition, the light maintained about the machinery, its operation, surrounded with coal dust to such an extent that it was difficult to see the machinery in operation, the safety collar, the projecting set screw, together with the age of plaintiff, his lack of knowledge and want of experience, *held* to be facts of controlling importance in weighing the questions of assumed risk and contributory negligence.

4. MASTER AND SERVANT, § 706*—*when assumed risk and contributory negligence are questions of law.* Questions of assumed risk and contributory negligence are ordinarily questions of fact. They only become questions of law where, from the facts admitted or conclusively proved, there is no reasonable chance that reasonable minds would reach a different conclusion.

5. MASTER AND SERVANT, § 833*—*when admission of models of appliances harmless.* Admission in evidence of the model of the safety collar and projecting cap screw which caused the injury to the plaintiff, *held* not reversible error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

6. MASTER AND SERVANT, § 833*—*when permitting proof that defendant removed appliance subsequent to accident harmless.* Permitting plaintiff to prove that the defendant removed the projecting set screw after the accident to the plaintiff, *held* not reversible error.

7. MASTER AND SERVANT, § 833*—*when questions asked by court concerning appliances, not reversible error.* Action of trial court in asking a witness whether or not it was necessary that a set screw by which plaintiff was injured extend beyond the periphery of the safety collar in order to firmly attach the collar to the shaft, *held* not reversible error.

8. MASTER AND SERVANT, § 833*—*when permitting witness to answer questions as to appliances harmless.* Permitting a witness to answer a question whether there were other safety collars in the building like the one which caused the injury, *held* not reversible error where the purpose of the question was to show the witness' knowledge as to the use of safety collars.

Mr. JUSTICE CLARK took no part in the consideration of this case.